UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

STEVEN GLENN,

        Plaintiff,

  -v-                                            20-CV-6103-CJS
                                                  ORDER

BRIAN J. TESTA, MORGAN K.
THOMPSON, ELIZABETH E.
ECHEVARRIA, and CRYSTAL M.
BLAKEMORE,

        Defendants.
───────────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Steven Glenn ("Plaintiff"), an inmate at the Fishkill Correctional Facility, filed a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff was previously granted permission to proceed *in forma pauperis* and directed to amend the Complaint. Docket Item 16. Currently pending before the Court is Plaintiff's Third Amended Complaint, which is now the operative pleading.[1] Docket Item 22. Upon initial review of Plaintiff's amended pleadings, as required under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), the Court dismisses the Third Amended Complaint for the reasons discussed below.

---

[1] In its initial screening Order, Docket Item 16 at 6, the Court informed Plaintiff that an amended complaint completely replaces any prior complaint in the action "and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

**DISCUSSION**

**I.     Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating the Third Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 55 0 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

## II. The Amended Allegations[2]

The Third Amended Complaint states that, on May 30, 2017, Plaintiff "was forced out of a car at gun point. Wrongfully arrested and charged for a crime [he] never did. All of [his] constitutional rights and laws were in fact broken by all parties." Docket Item 22 at 3. Plaintiff is seeking "time served with a lesser included offence [and] $100,000 for every year [he] sat in jail for this crime [he] did not commit." *Id.* at 5.

---

[2]The facts discussed below are drawn from the Third Amended Complaint, the contents of which must be accepted as true for purposes of initial review under 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b). *See Erickson*, 551 U.S. at 93-94.

## III. <u>Analysis</u>

Liberally read, the Third Amended Complaint's scant allegations assert false arrest and malicious prosecution claims in a wholly conclusory manner. Plaintiff is seeking release from custody and monetary damages.

As stated in the Court's initial screening Order, Docket Item 16, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jenkins v. Haubert,* 179 F.3d 19, 24 (2d Cir. 1999) ("[F]or those cases . . . in which a prisoner challenges the fact or length of his confinement—habeas is the exclusive federal remedy, at least where the prisoner seeks an injunction affecting the fact or length of his incarceration."). Plaintiff, as a state prisoner, may file a habeas corpus petition under 28 U.S.C. § 2254 to challenge his confinement.

The Court further advised Plaintiff in its initial screening Order that his claims for damages under § 1983 are barred by the favorable termination rule set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. Any ruling in Plaintiff's favor would appear to call into question fact or duration of his confinement. *See Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 200 (S.D.N.Y. 2004). Accordingly, "*Heck* and *Preiser* bar both [injunctive and monetary] relief." *Id.* In this case, there is no indication that Plaintiff's criminal charges were terminated in his favor. He was given the opportunity to show cause why this action should not be dismissed as barred by *Heck*, and he has failed to do so.

For these reasons, the Court finds that the Third Amended Complaint fails to present a claim upon which relief can be granted. Moreover, the Court's initial screening Order noted that Defendants Thompson, Echevarria, and Blakemore were not alleged to be persons acting under color of state law, as required by § 1983. *See Lugar v. Edmondson Oil Company, Inc.,* 457 U.S. 922, 937 (1981); *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir.), *cert. denied*, 484 U.S. 965 (1987). Because private individuals are not subject to suit under § 1983, Plaintiff was granted the opportunity to amend the pleadings to plausibly allege that these individuals conspired with state officials to violate his constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). Plaintiff has failed to do so.

## **CONCLUSION**

The Third Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be

directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: January 14, 2021

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge